ALD-070                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2861
_____

LYDELL SWINSON,
                            Appellant

v.

BLAKELY, Correctional Officer; FLAIM, Internal Security; LIEUTENANT LOZAR,
LT. of 2 til 10 shift officers; SUPERINTENDENT GRATERFORD SCI; VOTING
MEMBERS, For transfer approvals; MAIL AND INMATE ACCOUNT OFFICES,
Unknown Members

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-14-cv-01871)
District Judge Honorable Harvey Bartle, III

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 3, 2015

Before:  AMBRO, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 8, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Lydell Swinson ("Swinson") appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania in his civil rights case. As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

I.

Swinson is a state prisoner currently housed at SCI-Mahanoy and previously housed at SCI-Graterford. While at SCI-Graterford, Swinson filed several grievances against correctional officer Lizette Blakely ("Blakely"), which were referred to her supervisor, Lieutenant John Lozar ("Lozar"). In one grievance, Swinson alleged that Blakely was repeatedly searching him without justification and explicitly threatened to refile a civil action against her.[1] He stated that he had a "long mental health history and her conduct can cause relapses due to my mental health conditions." He also acknowledged that prison policy allows inmates to be stopped at any time. Subsequently, Blakely requested a "staff separation" from Swinson, arguing that given his criminal history, his self-admitted issues with mental health, and a pattern of accusations and threats, she was not safe near him. Lozar denied Swinson's search grievance, stating that all searches were recorded and that he could find no evidence that Blakely had searched or was searching Swinson.

---

[1] Swinson previously filed a lawsuit against Blakely, but withdrew his case.

2

Swinson was then placed in solitary confinement.  Captain Alfred Flaim ("Flaim") interviewed Swinson, who admitted that he was disoriented while he filed the grievance alleging searches by Blakely and did not intend her any harm.  Flaim investigated Swinson's history and psychiatric record, and decided not to release Swinson from solitary confinement.  He recommended that Blakely be separated from Swinson, and that Swinson be transferred to a different prison.  Flaim's recommendations were accepted, and Swinson was transferred.

Swinson filed a complaint alleging that these prison officials placed him in solitary confinement and then transferred him from SCI-Graterford in retaliation for filing his grievances.  He named Blakely, Lozar, Flaim, the Graterford superintendent,[2] unknown members of the "mail and inmate account offices," and unknown "voting members for transfer approvals" as defendants.  Discovery closed on June 1, 2015, and the defendants filed a motion for summary judgment.  Swinson requested more time for discovery.  The District Court granted the defendants' motion in July 2015 and denied Swinson's request.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District

---

[2] The superintendent was dismissed from the case because there was no indication that he was personally involved.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

3

Court's order granting summary judgment. [3]  See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009).  A district court may grant summary judgment only when the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When making this analysis, a district court must credit the evidence of the non-moving party, and draw all justifiable inferences in the non-movant's favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  A mere "scintilla of evidence in support of the [non-moving party]'s position will be insufficient" to create a genuine issue of fact.  Id. at 252.  The non-moving party "must show where in the record there exists a genuine dispute over a material fact."  See Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007).  The non-moving party cannot rest on his complaint, but must point to affidavits, depositions, interrogatory answers, and/or any admissions in establishing that there are material, disputed facts.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

The District Court correctly entered summary judgment on Swinson's retaliation claims because he did not point to evidence in the record to create a genuine dispute that there was a causal link between his placement in restricted housing and transfer from Graterford and his invocations of his due process rights and right to free speech.  In order to succeed in a retaliation claim, a plaintiff must establish three elements.  First, he must demonstrate that his conduct was constitutionally protected.  Then, he must show

---

[3] We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue.  3d Cir. LAR 27.4; I.O.P. 10.6.

retaliatory action "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights[.]'" Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). Finally, he must establish a causal link between his constitutionally protected conduct and the adverse action taken against him. Id. In the prison context, the plaintiff has the "initial burden of proving that his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." Id. If the plaintiff meets this burden, it shifts to the defendants to prove, by a preponderance of the evidence, that they would have taken the same action absent the protected activity. Id. Additionally, a prison may encroach on an inmate's constitutional rights, if "reasonably related to legitimate penological interests." Sharp v. Johnson, 669 F.3d 144, 156 (3d Cir. 2012) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

Both Swinson and the defendants agreed that he engaged in constitutionally-protected conduct when he filed his grievances. All parties also agreed that he suffered an adverse action when he was placed in solitary confinement. However, the defendants stated that they placed Swinson in restricted housing and transferred him because they decided that he was a danger to others, not because he filed the grievances. The District Court accorded this decision deference, and we can see no reason to disagree. See Rauser, 241 F.3d at 334. The defendants pointed to Swinson's self-admitted history of mental health issues, his murder conviction, and his contentious history with Blakely as support for their actions. Swinson contended that he was a model prisoner and that he

5

did not intend Blakely any harm.  However, Swinson did not point to any evidence that would create a genuine dispute of material fact regarding his potential to cause harm.

For the reasons stated above, we will summarily affirm the District Court's decision.  Accordingly, we deny Swinson's requests for appointment of counsel.  <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 157-58 (3d Cir. 1993).